# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CV 3959 | **DATE** | November 15, 2011 |
| **CASE TITLE** | TRUSTMARK INS. CO. v. JOHN HANCOCK LIFE INS. CO. | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss Plaintiff's Second Amended Complaint [156] is GRANTED, with prejudice.

## STATEMENT

     This case returns to me following the Seventh Circuit's decision in *Trustmark Ins. Co. v. John Hancock Life Ins. Co.*, 631 F.3d 869 (7th Cir. 2011).[1] Trustmark follows that decision with a Second Amended Complaint ("SAC") alleging fraud and unjust enrichment, as well as making a claim for an "independent action" under Rule 60. *See* Fed. R. Civ. P. 60(d)(1). John Hancock moves to dismiss. The motion is granted.

*Fraud and Unjust Enrichment*

     The claims sounding in common law fraud and unjust enrichment must be dismissed at the outset. The acts of fraud and unjust enrichment alleged are those aimed at securing the arbitration decision and, by extension, the judicial certification order. Given that reconsideration of that order is sought, the Rule 60 claim, if at all, is the sole viable claim. *See Geo. P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 46 (1st Cir. 1995). Any attempt to plead for relief under common law causes of action constitutes "artful pleading." *See Treadaway v. Academy of Motion Picture Arts & Sciences*, 783 F.2d 1418, 1421 n.3 (9th Cir. 1986) (attempt to evade jurisdictional restraints by pleading common law replevin and conversion is "artful pleading").

*Rule 60(b)(3)*

     A brief word on the possibility of relief under Rule 60(b)(3). That rule permits a court to "relieve a party from a final judgment, order, or proceeding for," among other reasons, "fraud." Rule 60(c) indicates that any motion made under 60(b)(3) must be made "no more than a year after the entry of the judgment or order." The order at issue here was entered in 2004, and Trustmark filed the original complaint in the current case in 2009, which was later replaced by the operative SAC in 2011. On its face, then, 60(b)(3) relief is plainly time barred.

**STATEMENT**

Trustmark appears to concede the point, but nonetheless argues that the 60(b)(3) time limits are subject to equitable tolling, a doctrine Trustmark avers is applicable because of John Hancock's alleged concealment of the fraud. Not so, and for two reasons. First, the Seventh Circuit's opinion in this very case described any possible 60(b)(3) relief as "obviously untimely." *Trustmark*, 631 F.3d at 871. Trustmark argues that this was merely dicta. Even so, the same court's statement in *Arrieta v. Battaglia* removes any doubt on the point:

> Motions to reopen premised upon mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); newly discovered evidence (Rule 60(b)(2)); or fraud (Rule 60(b)(3)) must be brought "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). *This time limit is jurisdictional and cannot be extended.* Wesco, 880 F.2d at 985.

*Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006) (citing, *inter alia*, *Wesco Prods. Co. v. Alloy Auto Co.*, 880 F.2d 981, 985 (7th Cir. 1989) (emphasis added). The particular case at issue concerned the possibility of reopening a petition for *writ of habeas corpus*, but nothing in the opinion suggested that the clear statement above was limited to the *habeas* context. Relief is simply not available in this case under Rule 60(b)(3).

*Rule 60(d)(1)*

Trustmark's principal contention is that relief is warranted as an independent action under Rule 60(d)(1). The parties here have devoted considerable argument to the question of whether Rule 60 is a proper avenue of relief for a judgment confirming an arbitration award. For instance, the parties debate the meaning and applicability of *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986). In that case, the Ninth Circuit declared that "Federal Arbitration Act provides the exclusive grounds for challenging an award within its purview" and that therefore a Rule 60(b)(3) was an impermissible collateral attack on a judgment confirming an arbitration award.

I need not settle the issue, as even if I assume (without deciding) that Rule 60(d)(1) relief is theoretically available, it would not be proper in this case. Rule 60(d)(1) allows for a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." The relatively benign language obscures the "demanding standard" that independent actions under Rule 60(d)(1) are to be entertained only to prevent a "grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 46 (1998).

The Seventh Circuit has not elaborated on the "grave miscarriage of justice" standard. The Fifth, Eighth, and Eleventh Circuits have stated the elements of an independent action are as follows:

(1) a judgment which ought not, in equity and good conscience, to be enforced;
(2) a good defense to the alleged cause of action on which the judgment is founded;
(3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense;
(4) the absence of fault or negligence on the part of defendant; and
(5) the absence of any adequate remedy at law.

*Bankers Mortg. Co. v. United States*, 423 F.2d 73 (5th Cir. 1970); *Nat'l Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir. 1903); *S.E.C. v. ESM Group, Inc.*, 835 F.2d 270 (11th Cir. 1988). The first, second, and fourth elements are plead or implied in the SAC. Where the complaint fails is on the third and fifth elements. As to the third, it is arguably true that Trustmark could not benefit from its defense of fraud in the arbitration when

**STATEMENT**

confirming the first award, because the alleged fraud had not yet been exposed. But Trustmark has not been entirely deprived of that defense, because all matters in which the defense is relevant are now being re-addressed in the second arbitration. The same facts apply to the fifth element. Trustmark has an adequate alternative remedy - the second arbitration.

Trustmark argues that they may not get full relief in the second arbitration because John Hancock is constantly seeking to narrow the range of issues touched by the fraud by trying to enforce all or part of a critical preclusion order. But the Seventh Circuit said in this very case that "(a)rbitrators are entitled to decide for themselves those procedural questions that arise on the way to a final disposition, including the preclusive effect (if any) of an earlier award." *Trustmark*, 631 F. 3d at 874. A necessary implication of this is that Trustmark will be heard on this issue in the arbitration, and that is enough remedy to take this out of the realm of a "grave miscarriage of justice." *Beggerly*, 524 U.S. at 46.

While certainly not legally frivolous, Trustmark's decision to file the SAC on the heels of the Seventh Circuit's decision in this case comes as a bit of a surprise. The opinion and mandate did not explicitly provide instructions for this case to be dismissed in favor of arbitration, but the tone and tenor of the court's opinion evinced an obvious expectation that this case would return to its rightful place in arbitration, and quickly. *See Trustmark*, 631 F.3d at 874 ("*When* this arbitration resumes..." (emphasis added)). One is hard-pressed to read the opinion as an invitation to press on with litigation.

John Hancock's motion to dismiss the Second Amended Complaint is GRANTED, with prejudice.

1.The facts and background of the case are summarized in my original opinion, *see* 680 F. Supp. 2d 944 (N.D. Ill. 2010) and the Seventh Circuit's opinion.